UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GABRIEL ESPINOZA RIVERA, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:25-cv-00546-MPB-MKK |
| PAM BONDI US Attorney General, *et al.*, | ) ) ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR HABEAS CORPUS
AND DIRECTING FURTHER PROCEEDINGS**

Petitioner Gabriel Espinoza Rivera is not a United States citizen who entered the United States without inspection. Dkt. 2 at 1. On September 15, 2025, Immigration and Customs Enforcement ("ICE") agents arrested Mr. Espinoza Rivera in Illinois. *Id*. He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody. Dkt. 21.

For the reasons explained below, the Court **grants** the petition to the extent that **no later than 5:00 p.m. on January 9, 2026, Respondents must either**: (1) afford Mr. Espinoza Rivera an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision.

**I.   Background**

Mr. Espinoza Rivera is a native of Mexico who entered the United States without inspection. Dkt. 25 at 1. On September 21, 2025, he was detained by ICE after a traffic stop during a targeted immigration enforcement activity. *Id*.

On October 15, the Department of Homeland Security initiated removal proceeding and served Mr. Espinoza Rivera with a Notice to Appear before the immigration court on November 17. *Id*. at 2. The Notice to Appear charges him with inadmissibility under § 212(a)(6)(A)(i) of the

1

Immigration and Nationality Act ("INA") [8 U.S.C. § 1182(a)(6)(A)(i)] as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."] and § 212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I) as alien "who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title."] Dkt. 25-1 at 7. The "arriving alien" checkbox is unmarked. *Id*. at 4.

Mr. Espinoza Rivera was subsequently transferred to Marion County Jail in Indianapolis, Indiana, where he remains detained. *See* U.S. Immigration and Customs Enforcement, "Online Detainee Locator System," https://locator.ice.gov/odls/#/search (search reflecting that Mr. Espinoza Rivera is still housed at the Marion County Jail as of December 29, 2025).

On October 2, 2025, Mr. Espinoza Rivera filed this writ of habeas corpus petition in the Northern District of Illinois, which was subsequently transferred to this Court on November 3, arguing that Respondents are unlawfully detaining him under 8 U.S.C. § 1225(b)(2)(A) in violation of the Immigration and Nationality Act and the Fourth and Fifth Amendments to the U.S. Constitution. Dkt. 21 at 3. He argues that his detention without opportunity for bond under 8 U.S.C. § 1225 is contrary to law and the Constitution and that his detention without a warrant, probable cause, or a notice to appear violates the Constitution. *Id*. dkt. 26 at 2-4.

Mr. Espinoza Rivera appeared before an immigration judge on November 17, 2025, and his removal proceedings remain pending. Dkt. 25 at 2.

## II. Discussion

Mr. Espinoza Rivera raises claims for relief under the Immigration and Nationality Act ("INA"), the Fourth Amendment of the United States Constitution, and the Due Process Clause of the Fifth Amendment of the United States Constitution. Dkt. 21 at 3.[1] He requests immediate release due to his unlawful arrest and other relief. *Id.* at 3.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011). Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond . . . ; or
> (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that

---

[1] Mr. Espinoza Rivera appears to advance a claim to relief pursuant to the class relief order issued in *Castanon Nava v. Dep't of Homeland Sec.*, No. 1:18-cv-03757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025). *See* dkt. 21 at 2. Neither his Petition nor his Reply, however, fully presents the issue. The Court, therefore, does not address this claim.

3

aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8), (d)(1). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers *shall* order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." In relevant part, it provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . . )." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to

4

1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Espinoza Rivera Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Espinoza Rivera is eligible for a bond hearing under § 1226(a).

Respondents argue that Mr. Espinoza Rivera is subject to the broader "catchall provision" in § 1225(b)(2) because he is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 25 at 5-7.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Espinoza Rivera who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Mendoza-Loera v. Warden, Clay Co. Jail*, 2:25-cv-00554-JPH-MJD, dkt. 16 at 8−11 (S.D. Ind. Nov. 21, 2025); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *8−*10 (7th Cir. Dec. 11, 2025) (applying the reasoning adopted by this Court). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Alejandro*, 2025 WL 2896348, at *14−19. Respondents have cited no binding precedent to the contrary. In *Mendoza-Loera*, 2:25-cv-00554-JPH-MJD, the Court found that the few district court decisions adopting the Respondents' interpretation of § 1225 were distinguishable or otherwise unpersuasive.

The Court concludes that Mr. Espinoza Rivera is entitled to a bond hearing under § 1226, and it declines to reach Mr. Espinoza Rivera's other arguments.

### III. Scope of Relief

Mr. Espinoza Rivera is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Espinoza Rivera requests immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody).

However, the Court finds that it would not be in the interests of justice to order Mr. Espinoza Rivera's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a).

### IV. Conclusion

The Court **grants** the petition to the extent that **no later than 5:00 p.m. on January 2, 2026, Respondents must either**: (1) provide Mr. Espinoza-Rivera with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on January 4, 2026** Respondents must file a notice with the Court certifying that they have complied with the Court's

order. The **clerk is directed** to enter final judgment.

      **IT IS SO ORDERED.**

Date: January 5, 2026

_Matthew P. Brookman_
Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record